# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3615 | **DATE** | August 21, 2003 |
| **CASE TITLE** | *Avlon v. Robinson* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Robinson's motion to dismiss Counts III, IV, and IV [82-1] is denied. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 7 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 91 |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge | | | |
| RTS | courtroom deputy's initials | U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office FILED FOR DOCKETING 1-03 | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

AVLON INDUSTRIES, )
    Plaintiff, )
)
v. ) 01 C 3615
)
ARTHUR ROBINSON, )
    Defendant. )

DOCKETED
AUG 2 7 2003

## MEMORANDUM AND ORDER

Plaintiff Avlon Industries is the registered owner of a number of trademarks for hair care products. Avlon contends that defendant Arthur Robinson is wrongfully using its trademarks to lure customers to Robinson's website, which offers a variety of brands of hair care products and is not affiliated with Avlon in any way. Avlon's second amended complaint alleges that Robinson's use of its trademarks constitutes trademark dilution (Count III), unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count IV), and unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2, and Illinois common law (Count V). Robinson's motion to dismiss these counts is before the court. For the following reasons, the motion is denied in its entirety.

## Background

The following facts are drawn from Avlon's second amended complaint and will be accepted as true for the purposes of Robinson's motion to dismiss. Avlon owns the KeraCare, Affirm, and Avlon marks, and has valid and incontestible registrations for these marks. These marks are famous and purchasers of Avlon's products associate the marks solely with Avlon.

Robinson does business as Sheldeez hair Products and Salon. He has registered at least fifteen variants of the word KeraCare as domain names. Specifically, he owns the following domain names: (1) www.Keracare.com; (2) www.Kerecare.com; (3) www.Keracarehair.com; (4) www.Kerecare.net; (5) www.Keracarehairproducts.com; (6) www.Kerecare.org; (7) www.Keracare.net ; (8) www.Kericare.org; (9) www.Keracare.org; (10) www.Kerikare.com;

(11) www.Kerakare.net; (12) www.Kericare.net; (13) www.Kerakare.net; (14) www.Keracare.tv; and (15) www.Kerakare.org (collectively, the "KeriCare domain names").

Robinson set up the KeriCare domain names so that when a shopper enters any of these names into her web browser, she is redirected to Robinson's website (www.sheldeez.com). Robinson also advertises on the World Wide Web under the name "Avlon Affirm Hair Products," so searches for "Avlon" or "Affirm" hair products take shoppers, again, to Robinson's website. Robinson sells Avlon products as well as products manufactured by Avlon's competitors and his own label products.

## Standard on 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The court will accept all well-pled factual allegations in the complaint as true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

## Trademark Dilution

Dilution is "the lessening of the capacity of a famous mark to identify and distinguish goods or services, regardless of the presence or absence of– (1) competition between the owner of the famous mark and other parties, or (2) likelihood of confusion, mistake, or deception." 15 U.S.C. § 1127. In cyberspace, dilution occurs when a defendant's use of a mark lessens the plaintiff's ability to identify and distinguish its goods and services by means of the Internet. *Trans Union LLC v. Credit Research, Inc.*, 142 F. Supp. 2d 1029, 1045 (N.D. Ill. 2001).

Robinson argues that he cannot be liable for trademark dilution because Avlon admits that he is selling genuine Avlon products. This is besides the point. "Internet users generally will assume that a domain name that consists of a famous mark is associated with or sponsored by the owner of that mark." *Caterpillar Inc. v. Telescan Technologies, L.L.C.*, No. CIV.A. 00-1111, 2002 WL 1301304 *2 (C.D. Ill. Feb 13, 2002). Moreover, Robinson's use of the KeriCare domain names may diminish Avlon's capacity to identify its own website and products using its marks. *See Trans Union LLC v. Credit Research, Inc.*, 142 F. Supp. 2d at 1045. Finally, the use of Avlon's marks in Robinson's domain name has the potential to dilute Avlon's marks because it permits Robinson to decide what messages and goods are associated with his web site and by extension, with Avlon's marks. *See Caterpillar Inc. v. Telescan Technologies, L.L.C.*, 2002 WL 1301304 at *5

Robinson also directs the court's attention to cases involving advertisements for goods sold in brick and mortar stores. *See, e.g., John Paul Mitchell Systems v. Randalls Food Markets, Inc.*, 17 S.W. 721, 726-27 (Tex. App. 2000). According to Robinson, it is perfectly permissible for a seller to use a trademark to advertise legitimate goods that he is offering for sale. This is true: "Salon X" may post signs or otherwise indicate that it sells "Brand Y" hair products in order to lure customers in as long as the "Brand Y" products are authentic.

However, Robinson is not using Avlon's trademarks to advertise his goods. Instead, he is using Avlon's trademarks as his domain name. *Cf. Ty v. Perryman*, 306 F.3d 509 (7th Cir.

2002) (defendant could use the word "beanies" as part of its domain name because this term is descriptive and this is not protected). In other words, Robinson is using Avlon's trademarks as the name of his business.

This may well cause what is known as Internet based initial interest confusion, which "occurs when customers seeking a particular web site are diverted by allegedly infringing domain names . . . to a competing web site and then realize that the site they have accessed is not the one they were looking for, but nevertheless decide to use the offerings of the infringing site." *Caterpillar Inc. v. Telescan Technologies, L.L.C.*, 2002 WL 1301304 at *4. Thus, this is not a situation where visitors to www.sheldeez.com observe Avlon's marks and realize that Robinson is offering Avlon (and other) products for sale. Because Robinson is using Avlon's marks to divert Avlon customers to his site, he is potentially liable for dilution. Accordingly, Robinson's motion to dismiss Avlon's trademark dilution claim (Count III) is denied.

## Unfair Competition Under the Lanham Act

Robinson contends that Count IV, which seeks relief for unfair competition pursuant to 15 U.S.C. § 1125(a), is duplicative of Count I, which seeks relief for trademark infringement pursuant to 15 U.S.C. § 1114. Specifically, he argues that Avlon must prove the same elements to prevail on Counts I and IV and the remedy is the same so Count IV must be dismissed. The court will not take the time to reproduce the two statutes here. Suffice it to say that, although both statutes require a plaintiff to establish the likelihood of confusion, they are not identical. The motion to dismiss Count IV is denied.

## Unfair Competition Under Illinois Law

In Count V, Avlon alleges that Robinson's use of its marks constitutes unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2, and Illinois common law. Robinson notes that, in cases involving a dispute between two businesses, standing exists under the Illinois Consumer Fraud and Deceptive Business Practices Act only if the allegedly wrongful

-4-

conduct has a "consumer nexus" (*i.e.,* involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns). *See Industrial Specialty Chemicals, Inc. v. Cummins Engine Co., Inc.*, 902 F. Supp. 805, 811-12 (N.D. Ill. 1995). He contends that, because Avlon's complaint does not reflect a consumer nexus, Count V must fail.

The court disagrees. Count V is not based solely on the Illinois Consumer Fraud and Deceptive Business Practices Act, which is the only statute in Count V which requires a consumer nexus. Thus, the best Robinson could hope for is to knock out the request in Count V for relief under the Illinois Consumer Fraud and Deceptive Business Practices Act. This hope would be foredoomed, as Avlon has alleged a consumer nexus because it asserts that Robinson's use of its marks harms the public. 2d Amended Complaint at ¶ 112. Moreover, at the motion to dismiss stage, the court cannot reject Avlon's contention that consumers who type one of the KeriCare domain names into their web browser may well erroneously believe that Robinson's website is associated with or sponsored by Avlon. Thus, Robinson's motion to dismiss Count V is denied.

## Conclusion

For the reasons stated above, Robinson's motion to dismiss Counts III, IV, and IV [82-1] is denied.

DATE: 8-21-03

Blanche M. Manning
United States District Judge

01cv3615.md