# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AVLON INDUSTRIES,<br>Plaintiff,<br><br>v.<br><br>ARTHUR ROBINSON,<br>Defendant. | )<br>)<br>)<br>)<br>)   01 C 3615<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Plaintiff Avlon Industries is the registered owner of a number of trademarks for hair care products. Avlon contends that defendant Arthur Robinson is wrongfully using its trademarks to lure customers to his website, which offers a variety of brands of hair care products and is not affiliated with Avlon.[1] Avlon presently seeks summary judgment regarding its claim that Robinson's use of its trademarks constitutes trademark dilution (Count III). For the following reasons, its motion is granted.

## Background

The following facts are undisputed unless otherwise noted. Avlon owns the KeraCare, Affirm, and Avlon marks, and has valid and incontestible registrations for these marks. Robinson does business as Sheldeez hair Products and Salon. He has registered at least fifteen variants of the word KeraCare as domain names. Specifically, he owns the following domain names: (1) www.Keracare.com; (2) www.Kerecare.com; (3) www.Keracarehair.com; (4) www.Kerecare.net; (5) www.Keracarehairproducts.com; (6) www.Kerecare.org; (7) www.Keracare.net ; (8) www.Kericare.org; (9) www.Keracare.org; (10) www.Kerikare.com; (11) www.Kerakare.net; (12) www.Kericare.net; (13) www.Kerakare.net; (14) www.Keracare.tv; and (15) www.Kerakare.org (collectively, the "KeriCare domain names").

---

[1] Robinson currently is proceeding pro se, so Avlon gave him the written notice necessary for the court to consider its summary judgment motion. The court takes this opportunity to commend Robinson on the quality of his submissions. The court would not have even guessed that Robinson was a pro se litigant had it not seen Avlon's notice regarding its summary judgment motion.

Robinson set up the KeriCare domain names so that when a shopper enters any of these names into her web browser, she is redirected to Robinson's website (www.sheldeez.com). Robinson also advertises on the World Wide Web under the name "Avlon Affirm Hair Products," so searches for "Avlon" or "Affirm" hair products take shoppers, again, to Robinson's website. Robinson sells Avlon products as well as products manufactured by Avlon's competitors and his own label products.

## Standard for A Motion For Summary Judgment

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing the summary judgment motion "may not rest upon the mere allegations or denials of the adverse party's pleading"; rather, it must respond with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992). A court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *Id*.

## Trademark Dilution

Dilution is "the lessening of the capacity of a famous mark to identify and distinguish goods or services, regardless of the presence or absence of" competition between the parties or likelihood of confusion among consumers. 15 U.S.C. § 1127. In cyberspace, dilution occurs when a defendant's use of a mark lessens the plaintiff's ability to identify and distinguish its goods and services by means of the Internet. *Trans Union LLC v. Credit Research, Inc.*, 142 F. Supp. 2d 1029, 1045 (N.D. Ill. 2001). In order to prove trademark dilution, Avlon must establish that: (1) its marks are famous; (2) Robinson's use began after the marks had become famous; (3)

Robinson's use "causes dilution" of the trademarks; and (4) Robinson's use is commercial and in commerce. *See Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 466 (7th Cir. 2000).

Robinson first argues that he cannot be liable for trademark dilution because Avlon has failed to establish that its marks are famous. When considering whether a mark is famous, the court must consider: (1) the degree of the mark's inherent or acquired distinctiveness; (2) the duration and extent of use of the mark in connection with the goods and services; (3) the duration and extent of advertising and publicity using the mark; (4) the geographical extent of the trading area in which the mark is used; (5) the channels of trade for the goods or services with which the mark is used; (6) the degree of recognition of the mark in the trading areas and channels of trade of the mark's owner and the person against whom the injunction is sought; (7) the nature and extent of use of the same or similar marks by third parties; and (8) whether the mark is federally registered. 15 U.S.C. § 1125(c)(1).

With respect to the degree of the KeraCare mark's distinctiveness, Robinson contends that only the "upscale African-American women's marketplace" is aware of the marks and that they are otherwise not well known. Robinson, however, is using numerous variants of the KeraCare marks to lure customers to his website. He has also conceded that people searching on the Internet for the word "KeraCare" would be only looking for Avlon's KeraCare products. As the saying goes, actions speak louder than words. If the marks were indeed unfamiliar to the vast majority of shoppers, Robinson would not have registered at least fifteen variants of the word KeraCare as domain names in connection with his website.

In addition, the record shows that Avlon registered its KeraCare mark in 1991, and the registration became incontestable in 1997. *See* 15 U.S.C. § 1065. Marks that are incontestable are presumptively valid and protectable. *See* 15 U.S.C. §§ 1115(a), 1057(b); *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 301 (7th Cir. 1998). Avlon also sells millions of dollars of KeraCare products annually throughout the United States and internationally via the Internet. With respect to Robinson's website, KeraCare products make up 40% to 50% of his retail sales

and Robinson testified that KeraCare products is one of four product lines that are well known and respected in a marketplace that is "flooded" with product lines. In light of these uncontested facts, the court finds that Robinson's arguments regarding the KeraCare mark are unconvincing and that the KeraCare family of marks is indeed famous.

Robinson next contends that he cannot be liable for trademark dilution because Avlon has failed to establish actual dilution of its marks. *See Moseley v. V Secret Catalogue, Inc., et al.*, 537 U.S. 418, 432- 33 (2003) (a plaintiff must show actual dilution, rather than a likelihood of dilution). The court disagrees. First, the Supreme Court has held that "direct evidence of dilution such as consumer surveys will not be necessary if actual dilution can reliably be proved through circumstantial evidence – the obvious case is one where the junior and senior marks are identical." Here, Robinson is using domain names containing Avlon's exact marks.

In any event, dilution, unlike trademark infringement, does not require a showing of consumer confusion as to source, so Avlon is not required to show that consumers are confused as to the source of the Avlon products sold by Robinson in order to prevail on its dilution claim. *See* 15 U.S.C. § 1127. Moreover, Robinson's use of the KeriCare domain names prevents Avlon from identifying its own website and products using its marks. *See Trans Union LLC v. Credit Research, Inc.*, 142 F. Supp. 2d at 1045.

Robinson's use of its marks also permits Robinson to decide what messages and goods are associated with his web site and by extension, with Avlon's marks. *See Caterpillar Inc. v. Telescan Technologies, L.L.C.*, No. CIV.A. 00-1111, 2002 WL 1301304 *5 (C.D. Ill. Feb 13, 2002). As noted above, dilution is "the lessening of the capacity of a famous mark to identify and distinguish goods or services." 15 U.S.C. § 1125. Robinson's control of all the possible variants of Avlon's marks on the internet, prevents Avlon from using its marks to identify its goods and thus dilutes the marks. *See id.*; *see also Paccar v. TeleScan*, 115 F.Supp.2d 772, 779-80 (E.D. Mich.2000) (defendant's use of the plaintiff's trademark in its domain names diluted the plaintiff's trademark by placing the plaintiff "at the mercy of the web site operator").

Robinson argues that the court should not hold that using a competitor's mark in a domain name doing so per se dilutes the mark. The court, however, is not adopting such a broad rule. There is a difference between using a mark for a permissible purpose and taking over the mark. Thus, a used car dealer may indicate that it sells Toyotas by using the mark "Toyota" because when a business has an innocent and legitimate reason for using a famous mark as or in her domain name, that use is permissible if the business has not otherwise infringed upon or diluted the trademark. *Ty Inc. v. Perryman*, 306 F.3d 509, 512 (7th Cir. 2002); *TY, Inc. v. Agnes M. Ltd.*, No. 00 C 358, 2001 WL 1414210 at *15 n.10 (N.D. Ill. Nov. 09, 2001). If a business uses a competitor's trademark as its domain name, however, that competitor is entitled to file suit to determine if the business has infringed its mark. That is what occurred here. The court has thus not adopted any sort of per se rule.

In sum, Avlon has established that its marks are famous and that Robinson's use of its marks has caused actual dilution of its trademarks. The parties do not dispute that Robinson's use is commercial and in commerce and that Robinson's use began after the marks had become famous. Accordingly, Avlon is entitled to summary judgment on its trademark dilution claim (Count III).

## Conclusion

For the reasons stated above, Avlon's motion for summary judgment on its dilution claim is granted.

DATE: February 8, 2005

Blanche M. Manning
United States District Judge